```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTONIO M. REYES CACERES,                          :
                                                   :
                    Plaintiff,                     :
                                                   :            **ORDER**
          -against-                                :        18-CV-6790 (KHP)
                                                   :
COMMISSIONER OF SOCIAL SECURITY,                   :
                                                   :
                    Defendant.                     :
                                                   :
-------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Plaintiff's counsel's motion for reasonable attorney's fees in the amount of $6,900.00 pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) ("Section 206(b)").  (ECF No. 27.)  For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

Plaintiff's counsel, Michael S. Aranoff, Esq., ("Petitioner") represented Plaintiff in this action for judicial review of Defendant's decision denying Plaintiff Disability Insurance Benefits and Supplemental Security Income.  Petitioner represented Plaintiff pursuant to a contingency fee agreement that provided that Petitioner may receive 25% of any past due benefits awarded to Plaintiff.  (*Id.*, Ex. A.)

Plaintiff ultimately obtained a remand to the Social Security Administration ("SSA") for further proceedings.  (ECF No. 24.)  Petitioner then applied for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), which allows the court to award attorney's fees to a party prevailing against the United States in court where the Government's litigation

position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  EAJA fees are determined

based on the time expended and the attorney's hourly rate.  *Id.* § 2412(d)(1)(B).  On May 5,

2020, this Court granted Petitioner's application and awarded Petitioner $1,854.51 in

attorney's fees under the EAJA.  (ECF No. 26.)

Following remand, the SSA conducted further proceedings and, on October 22, 2023,

advised that Plaintiff was due benefits, including past due benefits in the amount of

approximately $88,334.40.  (ECF No. 30 ¶ 13.)

Petitioner now moves for an award of attorney's fees pursuant to Section 206(b).

Unlike attorney's fees awarded pursuant to the EAJA, which are paid by the Government, fees

awarded pursuant to Section 206(b) are payable from the claimant's past due benefits.

Accordingly, Defendant has no direct financial stake in the outcome of this fee application, but

it may "play[ ] a part in the fee determination resembling that of a trustee for the claimants."

*Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6. (2002).  Fee awards may be made under both EAJA

and Section 206(b)(1), provided the attorney refunds the claimant the amount of the smaller

fee.  *Id.* at 796.

Petitioner requests $6,900.00 in attorney's fees for his work in this action and has

agreed to refund the attorney's fee previously awarded by this Court pursuant to the EAJA.

(ECF No. 30 ¶ 14.)  Petitioner has represented that he intends to request an additional $15,000

in fees pursuant to Section 206(b) at the administrative level.  (*Id.* ¶ 15.)  Petitioner represented

that Plaintiff does not object to the instant fee request.  (*Id.*)

Although the Court twice requested a response from Defendant (ECF Nos. 30, 31),

Defendant failed to file a response to Petitioner's motion.

2

**ANALYSIS**

In determining the reasonableness of a fee request pursuant to Section 206(b), the court must ensure the contingency percentage is within the 25% cap; that there is no evidence of fraud or overreach in the agreement between the plaintiff and the attorney-petitioner; and that the requested fee does not result in an improper windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In evaluating whether the requested amount is a windfall, the Court must look beyond the de facto hourly rate and should consider the following factors: (i) the ability, expertise, and efficiency of the lawyers; (ii) the nature and length of the professional relationship with the claimant; (iii) the claimant's satisfaction; and (iv) whether it was uncertain that the case would result in an award of benefits and the effort it took to achieve that result. *Fields v. Kijakazi*, 24 F.4th 845, 854-56 (2d Cir. 2022). In *Fields*, the Second Circuit explained that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case," and cautioned courts against lowering requested attorney's fees unless it is "truly clear that the fee is unearned by counsel." *Id*. at 849. The Second Circuit emphasized the importance of "encouraging truly good lawyers to take on" social security disability cases. *Id*.

The Court finds that the requested attorney's fee of $6,900 is reasonable. The amount requested, when coupled with the amount that will be requested at the administrative level, does not exceed 25% of the benefits awarded and therefore falls within the 25% cap. There is no evidence of fraud or overreaching here, nor is there evidence of a windfall. Petitioner is an experienced attorney who has successfully represented numerous social security claimants in this district. Given that Petitioner spent 9.2 hours on this action, his de facto hourly rate is

$750.00, which is within the range generally approved for this type of matter.  *See, e.g, Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018).  The number of hours spent on this case is also very low for such cases and can be considered an efficient use of attorney time.  *See Fields*, 24 F.4th at 854 (finding that 25.8 hours of attorney time on a social security case was low and was attributable to attorney expertise).

Moreover, Petitioner achieved a favorable decision from the SSA on behalf of his client, amounting to a "satisfying result."  *Id.* at 855.  It was also uncertain that this case would result in an award of benefits at the time Petitioner agreed to represent Plaintiff.  Finally, although Petitioner was previously awarded attorney's fees pursuant to the EAJA, these fees will be refunded to Plaintiff.

### CONCLUSION

For the above reasons, the Court authorizes an award of attorney's fees of $6,900.00 to Petitioner.  The Social Security Administration is ordered to withhold $6,900.00 from the Plaintiff's past due benefits and pay this amount to the Petitioner, and the Petitioner and is directed to return to Plaintiff the $1,854.51 in attorney's fees previously received under the EAJA.

Petitioner shall serve a copy of this Order on Defendant.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 27.**

**SO ORDERED.**

Dated: January 29, 2024
       New York, New York

KATHARINE H. PARKER
United States Magistrate Judge

4